FILED
2016 Jun-09 PM 01:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ELLISHA L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-02315-SGC |
| | ) | |
| NAVIENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff, Ellisha L. Smith, initiated this matter by filing a *pro se* complaint in the Circuit Court of Jefferson County, Alabama.  (Doc. 1-1 at 6).  Defendant, Navient Corporation, timely removed to this court on the basis of diversity and federal question jurisdiction.  (Doc. 1).  Soon after removal, the undersigned granted Defendant's motion for a more definite statement (Doc. 5), and Ms. Smith filed an amended complaint.  (Doc. 6).  Although the three-sentence-long amended complaint necessarily does not provide much in the way of detail, it appears this matter arose from a debt Ms. Smith owed Defendant.

Presently pending is Defendant's Motion to Dismiss.  (Doc. 7).  Ms. Smith has responded (Doc. 11) and submitted a number of documents (Doc. 12).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §

636(c).  (Doc. 13).  As explained below, Defendant's Motion to Dismiss will be granted.

## I.     Standard of Review

Rule 8 of the *Federal Rules of Civil Procedure* provides the standard applicable to Ms. Smith's claims.  Specifically, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought."  FED. R. CIV. P. 8(a)(1).  As explained by the Supreme Court, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Twombly*, 550 U.S. at 570).  Whether a complaint states a plausible claim for relief is a fact-specific determination to be made by the court, drawing on judicial experience as well as common sense.  *Iqbal*, 556 U.S. at 678. *Twombly* instructs courts to accept the complaint's purely factual allegations as true and determine whether those facts support a claim.  *Id.*  Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by

2

lawyers," a *pro se* complaint must show the plaintiff could prove facts to support a claim for relief.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.    Discussion

The entirety of Ms. Smith's handwritten amended complaint reads as follows:

> Navient Corporation did not verify that I, Ellisha L. Smith owe "alleged" debt of $116, 350.67 owed.  Therefore, Navient Corporation is in dishonor of my notice of counter offer / counter demand of debt settlement. I would like the court to declare the "alleged" debt of $116, 350.67 null and void.

(Doc. 6 at 1).  Additionally, the documents submitted by Ms. Smith provide some context—they are comprised of notarized correspondence from Ms. Smith to Defendant and appear to show that Ms. Smith attempted to bind Defendant to some sort of unilateral contract.  (Doc. 12).  Ms. Smith also appears to contend that Defendant's failure to respond to her correspondence obligates Defendant to pay her more than $400,000,000.  (Doc. 12 at 6).  Although it is unclear what significance Ms. Smith attaches to these documents, it is clear they have no legal significance here.

Liberally construed, Ms. Smith's amended complaint could be seen as an attempt to assert claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, or breach of contract.  However, the amended complaint asserts no

facts, other than Defendant's failure to "verify" her debt, resulting in Defendant's "dishonor."   Even applying the more liberal requirements applicable to *pro se* pleadings, it is clear that Ms. Smith cannot assert facts to support any claim for relief.[1]   Accordingly, Ms. Smith's amended complaint fails to state a claim upon which relief can be granted and is due to be dismissed pursuant to Rule 12(b)(6).

A separate order will be entered.

**DONE** this 9th day of June, 2016.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[1] It is worth noting that this is Ms. Smith's second attempt to state claims against Defendant.  The court's order granting Defendant's motion for a more definite statement explained the prior complaint's deficiencies and the type of information required to state a claim under *Iqbal* and *Twombly*.  (*See generally* Doc. 5).

4